UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN WOLDING,

      Plaintiff/Counter-Plaintiff,

v.                                                    Case No. 10-10644
                                                      Honorable Patrick J. Duggan

RICHARD CLARK,

      Defendant/Counter-Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR ATTORNEY FEES, INDEMNIFICATION, AND NON-TAXABLE COSTS

John Wolding ("Wolding") brought this action against Richard Clark ("Clark"), his partner in various "nonstandard auto insurance corporations," alleging the following claims: (1) violation of the federal Fair Credit Reporting Act, (2) breach of fiduciary duties and oppression of minority shareholder by a controlling shareholder, and (3) fraud. On July 12, 2011, pursuant to the parties' stipulation, this Court allowed Clark to file a counter-complaint against Wolding, which remains pending. Clark thereafter filed a motion for summary judgment with respect to Wolding's claims against him, which this Court granted in an opinion and order entered June 28, 2012.

Presently before the Court is Clark's motion for attorney fees, indemnification, and non-taxable costs, filed pursuant to Federal Rule of Civil Procedure 54(d)(2) on July 12, 2012. Wolding filed a response to the motion on November 14, 2012.[1] The Court does

_____

[1]Wolding was granted extensions of time to file his response due to his counsel's inability to represent him in this matter and until he found replacement counsel.

not believe that oral argument will aid in its disposition of the motion and therefore

dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f).

For the reasons that follow, the Court denies Clark's motion.

Michigan follows the "American rule" with respect to attorney fee awards.

*Dessart v. Burak*, 470 Mich. 37, 42, 678 N.W.2d 615, 618 (2004). Under this rule,

attorney fees generally are not recoverable "unless a statute, court rule, or common-law

exception provides the contrary." *Id*. (quoting *Nemeth v. Abonmarche Dev., Inc.*, 457

Mich. 16, 37-38, 576 N.W.2d 641, 651 (1998)). Clark cites the following rule and

statutes in his motion for an award of attorney fees and non-taxable costs: Federal Rule of

Civil Procedure 68, sections 561 and 563 of Michigan's Business Corporation Act, Mich.

Comp. Laws §§ 450.1561, .1563, and 15 U.S.C. § 1681n(c). He acknowledges, however,

that Rule 68 is not applicable under the circumstances of this case. (*See* Def.'s Br. in

Supp. of Mot. at 3 n.1); *see also Delta Airlines, Inc. v. August*, 450 U.S. 346, 101 S. Ct.

1146 (1981).

It also is not clear from Clark's pleading whether he in fact is seeking an award

based on Michigan's Business Corporation Act or simply is providing notice to Wolding

that he intends to seek indemnification from Look! (the parties' corporation). For Clark

states:

> In this case, MCL § 450.1563 provides Defendant is entitled to
> indemnification from Look!, which is owned equally by the parties for the
> reasonable attorney fees and expenses incurred in this case. This [m]otion
> *provides notice* to Plaintiff of the fees and expenses for which Defendant
> seeks reimbursement and provides him *with an opportunity* to *raise any*

*objections* he may have to same."

(*Id.* at 4 (emphasis added).)  To the extent Clark is relying on sections 561 and 563 for his request for an award of his fees and non-taxable costs *from Wolding*, directly, this Court believes that the statute does not provide such relief.  Clark also cites no authority to lead this Court to conclude that an award would be appropriate in a suit between shareholders.

Finally, Clark argues that an award of fees is appropriate under 15 U.S.C. § 1681n(c) based on Wolding's inclusion of his Fair Credit Reporting Act claim in his Complaint.  Clark argues that, from the beginning, there was no evidence to support this claim.  He argues that Wolding nevertheless "initiated litigation and continued litigation with respect to this claim through [s]ummary [j]udgment although access to Credit Reports are easily varifiable [sic] by simply obtaining a copy of ones [sic] own Credit Report."  (Def.'s Br. in Supp. of Mot. at 4.)

Section 1681n(c) provides:

Upon a finding by the court that an unsuccessful pleading, motion, or other paper filed in connection with an action under this section was filed in bad faith or for purposes of harassment, the court shall award to the prevailing party attorney's fees reasonable in relation to the work expended in responding to the pleading, motion, or other paper.

15 U.S.C. § 1681n(c).  The plain language of the statute requires a showing that the pleading, motion, or other paper was *filed* in bad faith or for harassment purposes.  *See Rogers v. Johnson-Norman*, 514 F. Supp. 2d 50, 52 (D.D.C. 2007) (citing cases).  "It is not enough to show that the 'pleading, motion, or other paper' in question 'later turned out to be baseless.'"  *Id.* (quoting *Ryan v. Trans Union Corp.*, No. 99-216, 2001 WL

3

185182, at *6 (N.D. Ill. Feb. 26, 2001)).

In response to Clark's motion, Wolding provides an affidavit in which he attests that he "strongly suspected" that Clark was trying to force him into a situation of financial duress so that he would sell his interests in their companies at a distressed price. (Pl.'s Resp. Ex. 2 ¶ 6.) Wolding further states that "Clark had a motive to investigate my financial circumstances to further that scheme" and that one way to do so was "to procure my credit report." (*Id*. ¶ 7.) Wolding believed that a credit report could be procured simply with an individual's social security number and knew that Clark had access to his number. (*Id*. ¶¶ 5, 8.) Supporting Wolding's suspicion were notations in the billing records of Clark's law firm referring to Wolding's credit report. (*Id*. ¶ 9.)

In light of the assertions in Wolding's affidavit, and the lack of contrary evidence, this Court cannot find that he filed his Fair Credit Reporting Act claim in bad faith or intending to harass Clark. While it may have become clear early in the litigation that there was no support for the claim, *maintaining* an action after being provided with exculpatory information is insufficient to state a claim for attorney's fees under § 1681n(c). *See supra*; *see also Bagumyan v. Valero Energy Corp.*, No. 07–312ABC, 2007 WL 1500849, at *2 (C.D. Cal. Apr. 25, 2007).

For the above reasons, the Court concludes that Clark fails to demonstrate his entitlement to an award of attorney fees or non-taxable costs or indemnification from Wolding.

Accordingly,

4

**IT IS ORDERED**, that Defendant's Motion for Attorney Fees, Indemnification,

and Non-Taxable Costs is **DENIED**.

Dated:December 13, 2012                       s/PATRICK J. DUGGAN
                                              UNITED STATES DISTRICT JUDGE

Copies to:
Michael J. Lebow, Esq.
Charles J. Gerlach, Esq.
Sean M. Walsh, Esq.
Paula Johnson-Bacon, Esq.